[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFFS' MOTION TO DISQUALIFY
The plaintiff law firm has moved to disqualify Francis J. Antonucci ("Antonucci") from representing the defendant in this action to collect a legal fee. Antonucci had been a partner in the plaintiff law firm (the "Firm") while the Firm was performing the work for the defendant out of which this fee dispute arose. The parties have stipulated that as a partner in the Firm, Antonucci was privy to and had complete and full access to the Firm's financial records and financial information, including accounts receivable; that he also represented the Firm and its partners in giving tax advice; that while with the Firm, he was familiar with the legal services rendered to the defendant. It is also stipulated that he prepared, while at the office of the Firm, the operating agreement for the defendant which agreement acknowledges payment due the plaintiff for legal fees.
The plaintiff claims Antonucci is disqualified from representing the defendant in this action for two reasons. The CT Page 12292 first reason is that Antonucci's representation is violative of the Rules of Professional Responsibility, Rule 1.9.[1]
It is clear to the court that Antonucci must be disqualified from representing the defendant in this action. He not only was a partner in the plaintiff, but also performed legal services for the Firm and for individual partners of the Firm. His ". . . information relating to the representation . . ." might well be used ". . . to the disadvantage. . ." of his former Firm/clients. Rules of Professional Responsibility, Rule 1.9 (b). Specifically, his knowledge of his Firm's finances, gained both as a partner and as a lawyer for the Firm and for other partners, might well be used in counseling the defendant as to strategy, or otherwise, in connection with this litigation, to the plaintiff's disadvantage.
Secondly, Antonucci prepared an agreement for the defendant while he was a partner in the Firm. The agreement acknowledges payments due the plaintiff for legal fees and the plaintiff intends to call Antonucci as a witness regarding the defendant's understanding and agreement to pay the obligation which is the subject of this lawsuit. "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness. . . ." Rules of Professional Responsibility, Rule 3.7 (a)
The plaintiff's motion is granted, Antonucci is disqualified from representing the defendant in this matter as is his present law firm. See Rules of Professional Responsibility, Rule 1.10.
So Ordered.
Dated at Stamford, Connecticut, this 14th day of November, 1997.
D'Andrea